UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Harley Ferch,

Plaintiff,

v.

Federal Medical Center, et al.,

Defendants.

Civil No. 00-2300 JMR/AJB

**ORDER ON MOTION TO ENLARGE TIME AND ON REQUEST FOR APPOINTMENT OF COUNSEL**

This matter is before the Court on plaintiff's Motion for Enlargement of Time to respond to defendant's motion to dismiss [Docket No. 31] and motion for appointment of counsel [Docket No. 30].

**IT IS HEREBY ORDERED** that plaintiff's motion for enlargement of time is **granted** [Docket No. 31]. Plaintiff shall have until June 1, 2001, to submit his response to defendants' motion to dismiss the action. It is **FURTHER ORDERED** that defendants motion for appointment of counsel is **denied** [Docket No. 30].

Dated: 5/7/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff has filed a request for appointment of counsel. He asserts that he is unable to afford counsel; that he has limited knowledge of the law; that he has limited access to legal materials; and that a full and fair hearing necessitates the appointment of competent

FILED MAY 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

counsel. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in habeas proceedings. The appointment of counsel in such cases is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), citing Pennsylvania v. Finley, 107 S.Ct. 1990, 1993-94 (1987). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).